# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| JOSEPH P. CARSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:08-CV-317 (Phillips) |
| UNITED STATES OFFICE OF SPECIAL COUNSEL, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff, Joseph P. Carson, *pro se*, has brought this action under the Freedom of Information Act (FOIA), alleging that the United States Office of Special Counsel (OSC) responded inadequately to his request for information relating to three FOIA requests. The defendant OSC has moved to dismiss the complaint and/or for summary judgment on Carson's claims. Carson has cross-moved for summary judgment. Because Carson's request that the district court order OSC to create certain records or render certain opinions, is not cognizable under the FOIA, OSC's motion to dismiss and/or for summary judgment will be granted and Carson's cross-motion for summary judgment will be denied.

I. Background

Carson seeks relief from the court against the OSC under the FOIA, 5 U.S.C. § 552. Specifically, Carson claims OSC improperly withheld requested records, and he seeks a ruling that OSC has acted arbitrarily and capriciously with respect to the withheld information and by failing to create certain records he maintains OSC is under a statutory duty to create. In his opposition and cross-motion, however, Carson informs the court that he withdraws his request as to FO-08-409, Items 2, 3, and 8; and FO-08-1148, Items 2 and 3. Defendant submitted the following statement of material facts in relation to the remaining FOIA requests:

A.      <u>FO-07-2899</u>

1.      On September 7, 2007, OSC received a FOIA request from plaintiff dated September 9, 2007. It was assigned OSC file number FO-07-2899.

2.      Plaintiff requested (a) any information about any instance in which OSC has determined there is "reasonable cause to believe" the Hatch Act has been violated, since 1989, based on its Annual Report to Congress, Press Releases and/or other records, including reports related to related disciplinary action cases brought at MSPB [Merit Systems Protection Board] by OSC, and (b) for each instance, an explanation for OSC's failure to make a report to the head of the agency per 5 U.S.C.§ 1214(e) and to require the head of the involved agency to certify the agency's response within 30 days.

3.      Plaintiff also requested expedited processing of his request because he believed that responsive information would substantiate his claim of "systematic and

persistent lawbreaking" by OSC, which he further believed was "relevant to some or all of the 8 separate cases, [then] pending in 3 federal courts, about aspects and instances of OSC and MSPB lawbreaking."

4. By letter dated September 11, 2007, OSC acknowledged receipt of this request and notified plaintiff of its status as number 20 in a queue of 20 requests pending initial processing. OSC also denied his request for expedited processing as not satisfying the criteria for such processing, and notified him of his right to appeal the decision about expedited processing.

5. On November 9, 2007, OSC responded to plaintiff's FOIA request. As to Item 2, it noted that under FOIA, agencies are not required to provide explanations. In response to Item 1, it released a 33-page report identifying cases where OSC has found Hatch Act violations since 1989, with case file numbers redacted under FOIA exemptions 2 and 7(C), and it withheld the contents of the case files identified in the report under FOIA exemptions 2, 5, and 7(C).

6. On November 18, 2007, plaintiff appealed OSC's initial response only as to Item 2 – *i.e.,* OSC's "failure to explain [it's] failure to comply with 1214(e)." Plaintiff did not appeal OSC's response to Item 1. Plaintiff also requested expedited processing of his appeal.

7. On September 3, 2008, OSC responded to plaintiff's appeal, upholding the initial response to Item 2 and reiterating that the FOIA does not require agencies to answer questions disguised as FOIA requests. OSC also reiterated its decision that plaintiff's request did not meet the criteria for expedited processing.

B. FO-08-0409

8. On November 19, 2007, OSC received another FOIA request from plaintiff, which was dated November 18, 2007. It was assigned OSC file number FO-08-0409. Plaintiff requested:

a. A list of every PPP [prohibited personnel practice] allegation OSC has received since October 1, 2003 and closed by September 30, 2007, with the following information, preferably grouped by year, providing, for each PPP allegation OSC received: (1) the type of PPP alleged, (2) whether it was referred for a field investigation, (3) whether OSC's determination "whether there are reasonable grounds to believe a PPP has occurred, exists, or is to be taken" was positive or negative.

b. The number of field investigations, grouped by year, OSC conducted per each of the following: [5 U.S.C. §] 1216(a)(1), (a)(2), (a)(3), (a)(4), and (a)(5) complaints received subsequent to October 1, 2003 and closed prior to September 30, 2007. For each field investigation conducted per 1216, provide OSC's determination whether "there is reasonable cause to believe" there was a violation of any law, rule, or regulation.

c. For each positive PPP determination OSC has made for a PPP allegation received since October 1, 2003 and closed before September 30, 2007, whether it was formally reported to the involved agency head, MSPB, and OPM [Office of Personnel Management] per 1214(b).

d. For each positive PPP determination OSC has made for a PPP allegation received since October 1, 2003 and closed before September 30, 2007, whether it was formally reported to the involved agency head per 1214(e).

e. For each positive PPP determination OSC has made for a PPP allegation received since October 1, 2003 and closed before September 30, 2007 which was not formally reported to the involved agency head per 1214(b) and/or 1214(e), an explanation why the formal report was not made.

f. For each positive OSC determination, for the investigations OSC started and completed between October 1, 2003 and September 20, 2007, per 1216(a)(1), (a)(2), (a)(3), (a)(4), and (a)(5), that there is "reasonable cause to believe" there was any violation of any relevant law, rule, or regulation, whether it was reported to the involved agency head per 1214(e).

g. For each positive determination OSC made per (f) that was not reported to the involved agency per 1214(e), an explanation why it was not.

h. Any information about the number of reports OSC made to the Department of Justice, of its determinations of "reasonable cause to believe" of criminal violations, per 1214(d), preferably since 1989, but from October 1, 2003 if records from 1989 are not available.

9. Plaintiff also requested expedited processing of his request because he believed that responsive information would substantiate his claim of "systematic and persistent lawbreaking" by OSC, which he further believed was "relevant to some or all of

the 8 separate cases, [then] pending in 3 separate federal courts, about aspects and instances of OSC's noncompliance with its duties as an investigative agency."

10. By letter dated November 26, 2007, OSC acknowledged receipt of this request and denied plaintiff's request for expedited processing because it did not meet the criteria for such processing. OSC further notified plaintiff of his right to appeal the denial of expedited processing.

11. On December 3, 2008, OSC responded to plaintiff's FOIA request. The request was elevated to the administrative appeal stage due to the lawsuit plaintiff filed on August 13, 2008. OSC responded as follows:

<u>Item 1</u>: OSC provided a 1456-page report, with case file numbers redacted pursuant to FOIA exemptions 2 and 8(C).

<u>Items 4 and 6</u>: OSC responded that it had no records responsive to these requests.

<u>Items 5 and 7</u>: OSC responded that the FOIA does not require it to answer questions or requests for explanations.

C. <u>FO-08-1148</u>

12. OSC received a third request from plaintiff on February 8, 2008, and assigned it OSC file number FO-08-1148.

13. Plaintiff requested the following items related to "each filed investigation conducted by OSC per [5 U.S.C. §] 1216(a)(3) from 1989 to the present, whether or not listed in an annual report:"

-6-

Case 3:08-cv-00317-TWP-CCS   Document 48   Filed 06/09/09   Page 6 of 10   PageID #: 469

    a. Any records related to the complaint that resulted in a field investigation, specifically whether it cited, provided, referenced etc., the requisite Federal Judge finding of [5 U.S.C. §] 552(a)(4)(F) "that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding." If such a finding was cited, information sufficient to identify the case.

    b. If the complaint that led to the field investigation did not cite or reference such a finding, information of any reasons used by OSC to claim authority to conduct such a field investigation.

    c. Any records related to the results of any field investigation conducted by OSC per [5 U.S.C. §] 1216(a)(3).

  14. On February 11, 2008, OSC responded to this request, explaining that all nonexempt information responsive to this request had already been provided to plaintiff in the reports released to him in response to two prior FOIA requests, FO-06-2732 and FO-07-2091.

  15. With respect to FO-08-1148, plaintiff filed an appeal of OSC's initial response on February 19, 2008, and requested expedited processing of his appeal because he believed that responsive information would substantiate his accusation that the agency made false statements in its *Vaughn* declaration in *Carson v. U.S. Office of Special Counsel,* 534 F.Supp.2d 99 (D.D.C. 2008).

  16. By letter dated February 26, 2008, OSC acknowledged receipt of plaintiff's appeal in FO-08-1148, denied his request for expedited processing for failure to

satisfy OSC's criteria for expedited processing as published in 5 C.F.R. § 1820.4(c), and notified him of the status of his appeal as number 19 in a queue of 19 pending appeals.

17.     On December 3, 2008, OSC responded to plaintiff's appeal in FO-08-1148 by providing him with 6 pages of responsive records without redaction and 211 pages with redactions pursuant to FOIA exemptions 2, 6, and 7(C). OSC also notified plaintiff that it was withholding in full approximately 356 pages pursuant to FOIA exemptions 5, 6, and 7(C). It further explained to plaintiff that as to Item 2, it was not required to answer questions disguised as FOIA requests.

OSC avers the agency is entitled to dismissal in part concerning its responses to requests for explanations, which are not proper requests under FOIA. Additionally, OSC avers it is entitled to summary judgment as to the remainder of Carson's requests because it has (1) conducted an adequate search in response to each of Carson's proper FOIA requests, (2) released responsive documents to Carson with exempt information properly redacted to protect privacy interests or when the information was so trivial in nature that there is no genuine public concern about it, (3) properly withheld other responsive documents in full because of privacy interests and/or the applicability of one or more privileges, and (4) notified Carson that there were no records responsive to his requests when searches revealed no such information.

## II. Analysis

A district court reviews an agency's determination to withhold information under the FOIA *de novo.  See* 5 U.S.C. §§ 552(a)94)(B); *see also Rugiero v. U.S. Dep't of Justice,* 257 F.3d 534, 543 (6th Cir. 2001).  The FOIA requires agencies of the Federal Government to release records to the public upon request, unless one of nine statutory exemptions applies.  *See NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 136 (1975).  The agency bears the burden of establishing that the claimed exemption applies.  *See* 5 U.S.C. § 552(a)(4)(B); *see also Assassination Archives & Research Ctr. v. Central Intelligence Agency*, 334 F.3d 55, 57 (D.C.Cir. 2003).  Once the agency meets its burden, a plaintiff must show that the agency "(1) improperly (2) withheld (3) agency records" in order to prevail.  *Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989), *quoting Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980); *see also* 5 U.S.C. § 552(a)(4)(B).  An agency is required to produce only those records in its custody and control at the time of the FOIA request.  *See McGehee v. CIA,* 697 F.2d 1095, 1110 (C.A.D.C. 1983).  The FOIA does not require an agency to create documents that do not exist or to collect disparate data and then generate an agency record.  *See Kissinger v. Reporters Comm. for Freedom of the Press,* 445 U.S. 136, 152 (1980).  ("The Act does not obligate agencies to create or retain documents; it only obligates them to provide access to those which it in fact has created and retained.")

Here, OSC has carried its burden of showing that it conducted adequate searches reasonably calculated to uncover relevant information in response to Carson's

FOIA requests. OSC has provided the court a detailed description of the search methodology used to recover relevant information, including a description of its automated case management system. OSC has demonstrated that the agency's withholding of case file numbers and identifying information about claimants, subject officials, other third parties, and OSC personnel under exemptions 2, 5, 6, and 7(C) were proper.

### III. Conclusion

Because OSC has demonstrated that the agency responded properly to Carson's FOIA requests, releasing to him all records and portions thereof not exempted from disclosure, and because the court's jurisdiction under the FOIA extends only to claims arising from the improper withholding of agency records, *see McGehee*, 697 F.2d at 1105, Carson's request that this court order OSC to create records or to render opinions that he thinks the agency is required to create or render is not cognizable under the FOIA. Accordingly, the court will **GRANT** OSC's motion to dismiss Carson's claims as to FO-07-2899 and FO-08-0409 [Doc. 16]; OSC's motion for summary judgment as to the remainder of Carson's claims [Doc. 16] is also **GRANTED**. Carson's cross-motion for summary judgment [Doc. 28] is **DENIED.** Any pending motions are **DENIED AS MOOT.**

**ENTER:**

s/ Thomas W. Phillips
United States District Judge